**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**LEROY DAVENPORT**                                                              **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO: 4:26-CV-59-RPC-DAS**

**DELTA BUS LINES, INC.;
MANUFACTURERS ALLIANCE
INSURANCE COMPANY**                                                 **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Leroy Davenport ("Davenport") brought this bad faith breach of contract and breach of the implied duty of good faith and fair dealing action in state court against his employer and its workers' compensation carrier following denial of his workers' compensation claim. The carrier, Manufacturers Alliance Insurance Company ("MAIC"), removed the action to this Court under 28 U.S.C. § 1332, 1441, and 1446, contending that the resident employer is improperly joined. The case is now before the Court on Davenport's Motion to Remand [Doc. 10]. Having reviewed the parties' motions, the responses, and being fully advised on the premises, the Court finds that it lacks subject matter jurisdiction under 28 U.S.C. § 1332. Accordingly, Davenport's motion is **GRANTED,** and the case is remanded to state court for further proceedings. MAIC's Motion to Dismiss [Doc. 6] is hereby dismissed as **MOOT**.

<u>**FACTS AND PROCEDURAL HISTORY**</u>

On January 20, 2021, Davenport was working as a bus driver for Delta Bus Lines, Inc. ("Delta"), when he was injured during an attempted theft in Delta's parking lot. On the morning of the incident, Davenport was preparing to depart the Delta parking lot gate in his assigned bus when an unknown vehicle entered the parking lot through the gate. Davenport flagged the driver down and inquired as to why he was on the premises. The driver informed Davenport that he was

there to perform work for the owner and continued into the parking lot. Davenport contacted his supervisor to confirm but was informed that no work had been scheduled and that the individual was not authorized to be on the premises. According to Davenport, his supervisor instructed him to tell the individual to leave the parking lot and to lock the gate.

Davenport walked to the back of the parking lot to find the driver and observed the individual breaking into a vehicle. Davenport confronted the individual and the two men struggled for control of a pistol the assailant had stolen from the glove box of an F-150 truck. The assailant gained control of the firearm and pointed it at Davenport, who then ran to the front of the parking lot. The assailant attempted to flee in his vehicle and Davenport tried closing the parking lot gate. However, the assailant struck the gate with his vehicle before it could fully close. The impact drove the gate into Davenport, causing him injuries. The assailant's vehicle became disabled after the collision, and he fled on foot before being apprehended by police.

Following the incident, Davenport filed a workers' compensation claim with Delta's workers compensation carrier, MAIC. Davenport was initially provided with medical treatment, but his claim was subsequently denied in its entirety. Davenport retained counsel and filed a Petition to Controvert with the Mississippi Workers' Compensation Commission ("MWCC") on July 8, 2021. The defendants filed an Answer to the petition on August 2, 2021, denying the claim on the grounds that Davenport was not acting within the course and scope of his employment at the time of the incident.

Defendants later revealed that Delta employees reported that Davenport was having an extramarital affair or relationship with the assailant's wife or girlfriend. It was alleged that the assailant was on the property on January 20, 2021, to confront Davenport about the purported romantic affair. Based on these reports, the defendants denied the claim contending that the

incident was the result of a personal-relationship between Davenport and the assailant and therefore unrelated to his employment.

Discovery ensued, and the assailant, who was convicted and incarcerated, was deposed. He testified that on the day of the incident he had gone to the Delta parking lot to break into vehicles and steal money for drugs. He testified that he did not know Davenport and that he had no prior relationship, romantic or otherwise, connecting him to Davenport. Despite the assailant's testimony, the defendants continued to deny the claim.

Thereafter, Davenport deposed the Delta employees who purportedly had knowledge of the alleged personal relationship between Davenport and the assailant. The employees testified that they had simply speculated that the assailant must have been at the premises for personal reasons related to Davenport because his vehicle was among those broken into. The employees further testified that they had no direct knowledge or proof that Davenport and the assailant knew each other and that their statements were based entirely on hearsay and/or rumor. Nonetheless, the defendants continued to deny Davenport's claim and later advanced a new defense contending that Davenport's decision to confront the assailant and his attempt to close the gate were dangerous, personal decisions unrelated to his employment duties.

A hearing on the merits was held before the Administrative Judge ("AJ") on June 19, 2024. The only issues presented were whether Davenport had suffered a compensable work-place injury and whether he was entitled to medical treatment under the Workers' Compensation Act. *See* [Doc. 1-3]. Following the hearing, on July 25, 2024, the AJ issued an Order finding that no credible evidence had been presented to support the defendants' position that the incident was the result of personal issues between Davenport and the assailant. *Id*. The AJ also determined that the incident was "set in motion by the actions of the assailant and as they were still on the

employer's premises, the injuries were incidental to [Davenport's] employment and thus compensable." *Id*. The AJ stated that any issues regarding Davenport's entitlement to temporary and/or permanent disability benefits were not addressed at the hearing and would have to be determined at a later time. The defendants did not appeal the AJ's Order finding compensability and Davenport's claim for disability benefits and medical benefits remains open at the MWCC. [Doc. 2].

On March 24, 2026, Davenport filed suit against the defendants in the Washington County Circuit Court,[1] alleging bad faith breach of contract and breach of the implied duty of good faith and fair dealing in connection with the denial of his claim. *Id*. In his complaint, Davenport alleged that the "defendants" breached their contractual obligations by failing to perform under the terms of the insurance policy and failing to provide him with workers' compensation benefits in a timely manner as required by Mississippi law. *Id*. Specifically, Davenport alleged that the defendants breached the affirmative duties of good faith and fair dealing by:

> a. creating and reporting untrue statements and rumors about the plaintiff; b. relying on unfounded rumors or hearsay that the plaintiff's injuries were the result of a personal relationship or altercation to deny the claim; c. failing to interview all alleged witnesses before denying the claim; d. failing to interview or obtain a statement from the assailant that caused the plaintiff's injuries and was allegedly there for a personal reason to confront the plaintiff before denying the claim; e. maintaining a denial for the stated reason of a personal relationship despite sworn testimony demonstrating that the defense was without merit; f. changing defenses when the initial defense was shown to be without merit; g. maintaining a secondary defense inconsistent with Mississippi law demonstrating that the plaintiff's injuries were compensable as he was clearly in the course and scope of his employment when injured; h. failing to provide statutory indemnity and medical benefits during the denial period and failing to make timely payment of benefits even after the claim was adjudicated as compensable and a final order entered by the MWCC; i. denying the plaintiff's supervisor instructed him to tell the assailant to leave the parking lot; j. failing to make a reasonable and prompt claim investigation prior to denying the claim; and k. in other ways breached affirmative duties of good faith and fair dealing.

---

[1] The state court action bears Cause No. 2026-0042-CI.

*Id.* Davenport also alleged that the defendants' actions were intentional, malicious, intended to harm him, and were performed in reckless disregard of his rights or were in the alternative grossly negligent.

On April 24, 2026, MAIC removed the action to this Court arguing that complete diversity exists between it and Davenport and that this Court maintained jurisdiction of the action pursuant to 28 U.S.C. § 1332,[2] 1441,[3] and 1446.[4] MAIC alleged that Delta, the resident defendant, was improperly joined in the suit and that jurisdiction would properly be before this Court pending Delta's removal.[5] [Doc. 1]. On May 1, 2026, MAIC filed a Motion to Dismiss for Failure to State a Claim [Doc. 6] asserting that Davenport's suit should be dismissed because his workers' compensation claim is still pending before the MWCC and no final decision regarding medical benefits has been made. Therefore, MAIC argues that Davenport has failed to exhaust his administrative remedies before bringing forth his bad faith suit as required under the Act.

---

[2] 28 U.S.C. § 1332(a)(1) provides: "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States."

[3] 28 U.S.C. § 1441(a) states that: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[4] 28 U.S.C. § 1446(a) provides:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

[5] Plaintiff resides in Washington County, Mississippi and is therefore a citizen of Mississippi. MAIC is a Pennsylvania corporation with its principal place of business in Blue Bell, Pennsylvania and is therefore a citizen of Pennsylvania. *See* [Doc. 2].

On May 5, 2026, Davenport filed a Motion to Remand [Doc. 10], alleging that Delta acted in bad faith when it directly participated in providing false information to MAIC, upon which MAIC relied in denying and delaying his workers' compensation benefits. Davenport relies on the fact that after the false statements and rumors were disproven, MAIC and Delta continued to deny his claims, asserting that he was not acting within the course and scope of his employment at the time of his injury, a position Davenport contends was neither reasonable nor arguable given that he was in uniform, on Delta's premises, and acting on his supervisor's direct instruction to remove the assailant from the property when the injury occurred. The issues have been fully briefed by the parties, and the Court has considered the arguments presented before it. The Court accordingly addresses each motion in turn below.

**<u>STANDARD OF REVIEW</u>**

This Court is one of limited jurisdiction. Its "scope is defined by the constitution and by statute." ***Palmer v. Liberty Mut. Ins. Co.***, No. 2:10CV73KS-MTP, 2010 WL 2773381, *2 (S.D. Miss. July 13, 2010). "When a federal court is properly appealed to in a case over which it has, by law, jurisdiction, it has a duty to take such jurisdiction." ***Id***. MAIC removes this action from state court pursuant to 28 U.S.C. § 1332. ***Cooper v. Travelers Indem. Co.***, No. 3:19-CV-866-DPJ-FKB, 2020 WL 1669599, *1 (S.D. Miss. Apr. 3, 2020) (citing 28 U.S.C § 1332(a)(1)). MAIC, as the removing defendant, "must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied, including complete diversity" of citizenship between the parties. ***Id***. (citations omitted).[6] "A district court may, however, ignore a lack of complete diversity where the plaintiff joins a nondiverse defendant to avoid federal jurisdiction." ***Id***. (internal citations omitted). This doctrine is a narrow exception to the complete diversity

---

[6] The amount in controversy requirement is not at issue here.

requirement, and the burden of establishing it falls heavily on the removing party. *Id*. at *2. All contested issues of fact and ambiguities of state law must be resolved in the plaintiff's favor. *Id*.

To establish improper joinder, the removing party must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant[,]" or stated differently "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. That determination is made through a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. The Court evaluates its subjection matter jurisdiction under this framework.

## ANALYSIS

At the outset it should be noted that, while the Court does not address MAIC's Motion to Dismiss on the merits, both Davenport's Motion to Remand and MAIC's Motion to Dismiss are intertwined with the Court's jurisdictional analysis given the procedural posture of the case. MAIC removed this action to federal court and therefore bears the heavy burden of demonstrating that Delta, the resident non-diverse defendant, was improperly joined. Under Fifth Circuit precedent, a non-diverse defendant is improperly joined only where the removing party establishes either that there is no reasonable possibility that the plaintiff can "establish a cause of action against the non-diverse party in state court" or there is "actual fraud in the pleading of jurisdictional facts." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). MAIC contends that Davenport cannot sustain a bad faith claim against Delta in state court and that Delta should therefore be dismissed. When assessing whether there has been an improper joinder, the Court "refer[s] to the allegations made in the original pleading[,]" construes the allegations most

favorably to the plaintiff, and resolves "all contested issues of fact and ambiguities in the law" in plaintiff's favor. *Palmer*, 2010 WL 2773381 at *2.

Under Mississippi law, a workers' compensation claimant must exhaust the administrative process before pursuing a bad faith or breach of good faith and fair dealing suit in court in cases involving a workers' compensation claim. *Billingsley v. United Technologies Motor Syst.*, 895 F. Supp. 119, 121 (S.D. Miss. 1995); *see also Brown v. ESAB Grp., Inc.*, No. 2:22-CV-155-KS-MTP, 2023 WL 2656755, *3, n.3 (S.D. Miss. Mar. 27, 2023) ("Plaintiff also fails to allege that he has exhausted his administrative remedies before the Mississippi Workers' Compensation Commission, which, under Mississippi law, is a requirement prior to filing suit."). "[E]xhaustion of the administrative remedial process is a mandatory condition precedent to the maintaining of a . . . suit for an allegedly wrongful denial of any workers' compensation benefits. *Whitehead v. Zurich Am. Ins. Co.*, 348 F.3d 478, 481 (5th Cir. 2003) (quoting *Walls v. Franklin Corp.*, 797 So. 2d 973, 975 (Miss. 2001) (internal quotation marks omitted). This requirement exists because a premature finding on a bad faith claim, or breach of good faith and fair dealing claim would presume the plaintiff's entitlement to the benefits claimed, a presumption that could prove inconsistent with the ultimate workers' compensation determination. *Billingsley*, 895 F. Supp. at 121. Moreover, the statute of limitations on a bad faith claim does not begin to run until the Commission issues a final decision granting or denying a specific amount of compensation; accordingly, a claimant must first "establish his entitlement to benefits through the administrative process before pursuing a bad faith suit." *Sistrunk v. Hydro Aluminum Puckett, Inc.*, No. 3:05CV726LN, 2006 WL 1140025, *2 (S.D. Miss. Apr. 27, 2006); *see also Bullock v. AIU Ins. Co.*, No. 1:04CV835 LG-RHW, 2010 WL 1141122, *3 (S.D. Miss. Mar. 22, 2010). Thus, "[t]his Court lacks subject matter jurisdiction because of the exclusivity of the Mississippi Workers'

Compensation Act." ***Schexnayder v. Goodman***, No. 2:24-CV-44-TBM-RPM, 2025 WL 4802485, *1 (S.D. Miss. Feb. 27, 2025).

The procedural posture here makes clear that subject matter jurisdiction is lacking because Davenport's bad faith and breach of good faith and fair dealing claims are premature. The AJ's order finding Davenport's workers' compensation claim compensable expressly reserved all issues of temporary and permanent disability for future determination. *See* [Doc. 6-3]. Davenport's claim also remains pending before the MWCC, with benefit issues still unresolved. While the compensability ruling may be final, allowing Davenport's claims to proceed before a full and final judgment has been rendered on all benefits would result in the "piecemealing" of his claims. As the Fifth Circuit recognized in ***Williams v. Tanner***, No. 2:08CV91KS-MTP, 2008 WL 4000224, *3 (S.D. Miss. Aug. 20, 2008), analyzing the Mississippi Supreme Court's response to a certified question on this precise issue, "[a] full resolution of compensation benefits [is] not made until the judge [makes] a final decision." *Id*. Because Davenport has not obtained a final administrative determination of the full scope of benefits to which he is entitled, his claims are premature. *See* ***Whitehead***, 348 F.3d at 481.

Davenport's failure to exhaust his administrative remedies is fatal not only to Davenport's claims against Delta, but to his claims against MAIC as well. Where "on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit." ***Howard v. Direct Gen. Ins. Co. of Miss.***, No. 4:12-CV-87-SA-JMV, 2013 WL 5428746, *7 (N.D. Miss. Sept. 27, 2013).[7] In such circumstances, "the entire suit must be remanded to state court."

---

[7] Because the Court finds that Davenport has not exhausted his administrative remedies, his claims against MAIC and Delta are premature at this stage and, therefore, this Court does not have subject matter

*Smallwood*, 385 F.3d at 576.[8]  Because Davenport's failure to exhaust administrative remedies bars his bad faith and breach of good faith and fair dealing claims against both Delta and MAIC, with equal force, there is no basis for retaining jurisdiction over any part of this action. Accordingly, this matter is **REMANDED** to state court for further proceedings.

## CONCLUSION

Because Davenport has not exhausted his administrative remedies before the MWCC, this Court does not have subject matter jurisdiction over the action.  As that finding applies equally to all defendants, remand is appropriate.  Accordingly, Davenport's Motion to Remand [Doc. 10] is **GRANTED**, and the matter is **REMANDED** to state court.  MAIC's Motion to Dismiss [Doc. 6] is dismissed as **MOOT**.

This the 1st day of July, 2026.

_Robert P. Chamberlin_
**UNITED STATES DISTRICT JUDGE**

---

jurisdiction.  Accordingly, the Court declines to further reach the merits of improper joinder as it relates to the underlying claim itself, including whether there is a reasonable possibility that Davenport can establish a cause of action against Delta in state court other than the exhaustion/subject matter issues addressed herein.

[8] While remand of this action may appear to undermine judicial economy, remand of this action is this Court's only viable option given the Court's lack of subject matter jurisdiction.  In *Smallwood*, the court held that "[w]hen a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Smallwood*, 385 F.3d at 576.  Because this Court has determined that MAIC has failed to meet this heavy burden, "the court does not have the authority to do more" and therefore "lacks the jurisdiction to dismiss the case on its merits." *Id*.  Thus, the matter must be remanded to state court for further proceedings.  The Court recognizes that *Smallwood* is a narrow holding and only applies in limited circumstances such as those presented in this matter.